IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA JEAN BERGAMASCO,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　)　　Civil Action No.　18-435
　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　　　　　　 )
COMMISSIONER OF SOCIAL SECURITY,　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for widow's disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she has been disabled since April 2, 2014. (ECF No. 9-7, p. 10). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on December 8, 2016. (ECF No. 9-3). On February 13, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 9-2, pp. 19-39).

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[2] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff argues that the ALJ improperly rejected her treating physicians' opinion. (ECF No. 14, pp. 8-13). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician, however, need not be viewed uncritically. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating

physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff suggests that the ALJ erred in giving little weight to the opinions of Plaintiff's treating psychiatrists simply because Plaintiff's GAF[3] scores never changed.[4] (ECF No. 14, p. 10). As a point of clarification, the ALJ gave little weight to the opinion in the Milestones records expressed as GAF scores, but he did not give little weight to the Milestones records themselves. (ECF No. 9-2, p. 37). In fact, the ALJ gave great weight to the opinion of Dr.

---

[3]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013). Nonetheless, GAF scores are still medical opinion evidence that informs a Commissioner's judgment, along with all of the other evidence of record, in assessing whether an individual is disabled. In any event, "'a GAF score is never dispositive of an impairment severity,' and an ALJ should not 'give controlling weight to a GAF from a treating source unless it is well supported and not inconsistent with other evidence.'" *Hughes v. Comm'r Soc. Sec.*, 643 F. App'x 116, 119 n.2 (3d Cir. 2016), *citing,* SSA AM–13066 at 5 (July 13, 2013).

[4]Plaintiff argues that there is medical evidence to support the GAF scores. (ECF No. 14, pp. 9-11).
    [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).
*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Rather, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

5

Pacella, in part, because it was consistent with the therapy notes and medication management notes from Milestones. (ECF No. 9-2, p. 37). There is no formulaic outline an ALJ must follow when weighing GAF scores. Rather, an ALJ must simply weigh the GAF scores and discuss reasons for the weight sufficiently for this court to conduct a meaningful review. After a review of the record, I find the ALJ appropriately considered the multiple GAF scores in evidence and weighed them against the other evidence of record, including the treatment records associated therewith from Milestones. (ECF No. 9-2, pp. 19-37). The ALJ gave a valid and appropriate reason for giving them little weight – they were inconsistent with the Milestones records. *Id.* Consistency is a valid reason for crediting or discrediting evidence. *See,* 20 C.F.R. §§416.927, 404.1527 (Evaluating Opinion Evidence). I find I am able to conduct a meaningful review and that this assessment is supported by substantial evidence. (ECF No. 9-2, pp. 19-37). Consequently, I find no error in this regard.[5]

### C. Plaintiff's Statements

Plaintiff next argues that the ALJ's finding that her statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record is not supported by substantial evidence. (ECF No. 14, pp. 13-18). In considering the intensity, persistence, and limiting effects of an individual's symptoms (including pain), the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the

---

[5] At the end of this argument, Plaintiff suggests the ALJ erred in finding that Plaintiff suffered from the severe impairment of substance abuse disorder. (ECF No. 14, pp. 11-12). In so doing, Plaintiff conflates substance abuse disorder with substance induced mood disorder. *Id.* These are two separate impairments. *See,* ECF No. 9-2, p. 22. Based on my review of the record, I find there is substantial evidence of record to support this finding. (ECF Nos. 9-2, pp. 19-37; 9-11, pp. 33, 35).

ALJ will consider treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 16-3p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record in this case, I find the ALJ applied the above standard. (ECF No. 9-2, pp. 19-39). For example, the ALJ considered, *inter alia,* the types and frequency of treatment sought by Plaintiff, her medications and her activities of daily living in connection with all of the other evidence of record. *Id.* To that end, the ALJ found various inconsistencies. *Id.* Consistency with other evidence is a valid reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).

Contrary to Plaintiff's insinuation otherwise, an ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. It is the responsibility of the ALJ to look at inconsistencies between the claimant's statements and the evidence presented in making his/her RFC determination. *Id.* After a review of the record, I find that the ALJ explained, in detail,[6] the inconsistencies he found in evaluating Plaintiff's testimony in relation to all of the other evidence (including, *inter alia*, activities of daily

---

[6] Plaintiff suggests that the ALJ erred in using "boilerplate language" in assessing Plaintiff's credibility. (ECF No. 14, pp. 14-15). After a review of the record, I disagree. While the ALJ does set forth the common language used in considering the limiting effects of Plaintiff's symptoms, he by no means ends his discussion there. *See,* ECF No. 9-2, pp. 19-39. Rather, the ALJ thoroughly discusses, evaluates and weighs the evidence in detail. *Id.*

7

living and the testimony of a third-party statement from a co-worker[7]) in determining her RFC. (ECF No. 9-2, pp. 36-37). I further find there is substantial evidence to support his findings in this regard.[8] Consequently, I find no merit to this assertion.

### D. <u>Past Relevant Work</u>

Plaintiff's final argument is that the ALJ erred in finding that she is able to perform her past relevant work as a prep cook. (ECF No. 14, pp. 18-20). Past relevant work pertains to the particular job or the occupation as performed by a plaintiff.[9] SSR 82-61; 82-62. "[A] claimant

---

[7] The ALJ considered Plaintiff's co-worker's statement. (ECF No. 9-2, p. 37). The ALJ found it to be partially persuasive "noting that it is a statement from an untrained layperson. The individual does report some symptoms, but the claimant was interacting with this individual after the end of the prescribed period, which defined the period under adjudication and the RFC above would accommodate all observed problems." *Id.* These are valid and appropriate rationales for partially crediting the testimony. After a review of the record, I find there is substantial evidence to support this finding of the ALJ. (ECF No. 9-2, pp. 19-39). Therefore, I find no error in this regard.

[8] Again, Plaintiff suggests at various points of this argument that there is evidence to support her argument that she is credible. (ECF No. 14, pp. 13-18). "[The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…" *Weidow,* at *18. Rather, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

[9] Social Security Rule 82-61 provides:
   The part of the law pertaining to past relevant work provides that as a part of the requirements for a finding of disability a claimant must have a medically determinable physical or mental impairment of such severity that he or she is not able to do his or her previous work. Sections 404.1520(e) and 416.920(e) of the regulations state as follows:
     "Your impairment must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment, we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. <u>If you can still do this kind of work</u>, we will find that you are not disabled." (Underscoring added.)
SSR 82-61. Three possible tests for determining whether or not a claimant retains the capacity to perform his or her past relevant work are as follows:
   1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job….
   2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it….
   3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy….
*Id.*

8

will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform…the actual functional demands and job duties of a particular past relevant job; or the functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* (Policy Statement). In other words, if an individual can perform his past relevant work, that individual is not disabled and the inquiry ends. SSR 82-61; 82-62.

In this case, one of Plaintiff's prior jobs is that of a prep cook. (ECF No. 9-2, p. 9-2, p. 38). At the hearing, the vocational expert ("VE") testified that a person with Plaintiff's RFC could perform the job of prep cook. (ECF No. 9-2, p. 38). The ALJ accepted this testimony and found that Plaintiff is capable of performing her past relevant work of prep cook. *Id.* An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 6-2, pp. 13-29). Consequently, I find no error in this regard.[10]

An appropriate order shall follow.

---

[10] I note that, alternatively, the ALJ found that there are other jobs that exist in significant number in the national economy that Plaintiff can also perform. (ECF No. 9-2, pp. 38-39). Plaintiff does not take issue with this alternative finding. *See,* ECF No. 14. As a result, even if the ALJ erred in finding that Plaintiff could perform her past relevant work, remand would not be warranted as the ALJ found other jobs that exist in significant number in the national economy that Plaintiff can also perform. (ECF No. 9-2, pp. 38-39).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA JEAN BERGAMASCO,  )
                                        )
           Plaintiff,            )
                                        )
   -vs-                           )     Civil Action No. 18-435
                                        )
NANCY A. BERRYHILL,[11]               )
COMMISSIONER OF SOCIAL SECURITY,  )
                                        )
           Defendant.           )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 30th day of April, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 13) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

                                        BY THE COURT:

                                        s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[11] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.